IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROLAND LOPEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY CORPORATION, a municipality; SYBILLA DALTON, an individual; and JIM LEWIS, an individual,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:19-CV-589-TC |

Plaintiff Roland Lopez worked in the public utilities department of Defendant and municipality Salt Lake City Corporation (SLC). He asserts federal discrimination claims against SLC and two individuals, Sybilla Dalton and Jim Lewis (the Individual Defendants), who are supervisors in the public utilities department. Defendants have filed a motion to dismiss Mr. Lopez's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is GRANTED.[1]

---

[1] Mr. Lopez contends that the Defendants' motion is frivolous and brought in bad faith. (Opp'n Mot. Dismiss at 13, ECF No. 13.) He requests attorneys' fees based on relief provided by a Utah statute. (See id. (citing Utah Code Ann. § 78B-5-825).) First, the court finds that the motion to dismiss is not frivolous; it raises points that require analysis. Second, the Utah state statute does not apply in federal court. Accordingly, Mr. Lopez's request for fees is denied.

1

# FACTS[2]

Mr. Lopez worked as a utility meter reader and collection supervisor for the Salt Lake City Public Utilities department. He is a 55-year-old Hispanic American whose skin is a darker shade of olive.

Defendant Sybilla Dalton "is an individual holding primary management responsibility" for SLC. (Compl. ¶ 6, ECF No. 2-1.) Jim Lewis is the Public Utilities Supervisor for SLC.

Mr. Lopez asserts that the discrimination began as early as 2010. For example, according to his Complaint, Ms. Dalton required that he use vacation days when he was sick. In addition, he "was singled out publicly by Sybilla Dalton in 2010 for laziness relying on his GPS in his vehicle as Evidence [sic]. The GPS was later shown to be faulty. No public recognition that he had in fact been working and not hiding out [sic]." (Id. ¶ 19.) He cites other instances where he was "chastised" and "berated" publicly by Ms. Dalton. He also alleges that Ms. Dalton unfairly reprimanded him for being late to work three times over a twelve-year period and that she ignored and tolerated other employees' harassment of him. As for his claim of retaliation, he asserts that he "was aware of the retaliation that would follow any complaint to HR," and that "[r]etaliation against other employees by Sybilla Dalton had a chilling effect on making any type of complaints to management." (Id. ¶¶ 49–50.) Finally, he alleges that individual Defendant Jim Lewis was aware of the harassment.

On March 6, 2018, Mr. Lopez filed a Charge of Discrimination (Charge) with the Utah Anti-Discrimination & Labor Division (UALD) and Equal Employment Opportunity

---

[2] For purpose of the court's analysis under Rule 12(b)(6), the court must take all well-pled factual allegations in Mr. Lopez's complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Commission (EEOC) in which he contended that SLC engaged in sex discrimination and retaliation in violation of Title VII. He attached a copy of the Charge to his Complaint.[3]

In the Charge, Mr. Lopez checked the boxes labeled "Sex" and "Retaliation" and alleged that he "ha[s] been subject to harassment and discrimination based on [his] gender." (Charge, attached as Ex. A to Compl.) Specifically, he stated that, "because of [his] gender," he experienced "harassment, hostile work environment, and discrimination" when his manager "creat[ed] her own work policies and procedures that are not part of [the] employee handbook" by telling him that he "need[ed] to save five personal time off days to cover for medically related absences." (Id.) Also based on his gender, his manager (Ms. Dalton), told him that he "was 'failing on a progressive attendance policy,'" and "subjected [him] to retaliation for opposing the daily harassment and the hostile work environment[.]" (Id.)

When he identified his protected class on the form and described the basis of his claims, he emphasized that "[his] gender is the determining factor." (Id.) Notably, he neglected to mark the "Race," "Color," and "Age" discrimination boxes on the Charge. (See id.)

The EEOC dismissed the Charge on May 10, 2019, and issued a notice of right to sue. On August 8, 2019, seventeen months after filing the Charge, he filed his complaint in state court. The Defendants then removed the case to this court on August 22, 2019.

---

[3] The court may consider the Charge because Mr. Lopez referred to it in his Complaint and attached it as Exhibit A. "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 964–65 (10th Cir.1994), and documents incorporated into the complaint by reference, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S. Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); TMJ Implants, Inc. v. Aetna, Inc., 498 F.3d 1175, 1180 (10th Cir.2007)." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

3

In the Complaint, he asserts six causes of action, all based on his race, color, and age.[4] Gender is not a basis for any of his claims. Against SLC he brings claims of racial and color discrimination under Title VII[5] and 42 U.S.C. § 1981, and age discrimination under the ADEA.[6] He also asserts similar Title VII discrimination claims against Individual Defendants Sybilla Dalton and Jim Lewis.

## **ANALYSIS**

Defendants have moved to dismiss the entire complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Mot. Dismiss, ECF No. 10.) First they contend that the claim against the Individual Defendants, which asserts racial and color discrimination under Title VII, must be dismissed because Title VII does not allow claims against individuals. Second, they say that Mr. Lopez's § 1981 claim against SLC is not viable because that statute bars claims against municipalities such as SLC. They also challenge Mr. Lopez's Title VII and ADEA Claims for failure to exhaust administrative remedies, which is a prerequisite to suit. Finally, they raise a statute-of-limitations defense against the ADEA and Title VII claims for "discrete acts" that occurred before May 11, 2017. (Id. at 2.)[7]

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure directs that a complaint must be

---

[4] Specifically, Mr. Lopez brings the following claims: (1) Title VII – Racial and Color Discrimination against SLC (Employer); (2) ADEA – Age Discrimination against SLC (Employer); (3) Title VII – Racial and Color Discrimination against Sybilla Dalton and Jim Lewis' (4) Title VII – Hostile Work Environment against SLC (Employer); (5) Title VII – Pay Inequity against SLC (Employer); and (6) § 1981 Race Discrimination against SLC (Employer).
[5] 42 U.S.C. § 2000e et seq.
[6] 29 U.S.C. § 621 et seq.
[7] The Defendants note that their statute of limitations defense does not apply to Mr. Lopez's claim for hostile work environment. But they ask the court to dismiss the hostile work environment claim for failure to exhaust administrative remedies.

4

dismissed when it fails to "state a claim upon which relief may be granted." When reviewing a complaint, the court must take all well-pleaded factual allegations as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[8] The factual allegations must "state a claim to relief that is plausible on its face." Id. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Title VII Claim Against the Individual Defendants**

In his Third Cause of Action, Mr. Lopez asserts a Title VII claim against the Individual Defendants. But Title VII's plain language "reflect[s] the legislative judgment that statutory liability is appropriately borne by employers" and so "personal capacity suits against individual supervisors are inappropriate." Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of [Title VII]." Id. at 899 (emphasis in original).

Because Sybilla Dalton and Jim Lewis are individual supervisors, and because Mr. Lopez alleges that SLC is the employer, he cannot maintain a Title VII race or color discrimination claim against Ms. Dalton or Mr. Lewis. That rule applies even if Mr. Lopez alleges actions that establish a hostile environment claim. (See Opp'n Mot. Dismiss at 11, ECF No. 13 (stating that "complaint details a workplace so permeated with offensive conduct as to create a hostile work environment").) The merit of his claim has no bearing on the rule that Title VII does not apply

---

[8] Mr. Lopez appears to be raising a Rule 56(d) request for discovery before the court rules on the motion to dismiss. (See Opp'n Mot. Dismiss at 3, ECF No. 13.) Rule 56(d) is reserved for motions for summary judgment. Accordingly, his request is not relevant. Moreover, Defendants' motion is not challenging the merits of Mr. Lopez's substantive allegations. Rather, they raise a series of procedural defects that have no bearing on whether Mr. Lopez can establish discrimination.

to individuals. For that reason, his Third Cause of Action is dismissed with prejudice.

### § 1981 Claim Against the Municipality

In the Tenth Circuit, it is well established that a § 1981 claim may not be brought against a municipality such as SLC. Bolden v. City of Topeka, 441 F.3d 1129, 1134–37 (10th Cir. 2006). In light of this clear rule, the court dismisses Mr. Lopez's Sixth Cause of Action with prejudice.

### Failure to Exhaust Administrative Remedies Bars Title VII and ADEA Claims

Defendants ask the court to dismiss Mr. Lopez's First, Second, Fourth, and Fifth Causes of Action for failure to exhaust administrative remedies.[9] The four causes of action collectively assert Title VII and ADEA discrimination claims against SLC.

All of these claims are subject to the requirement that the plaintiff exhaust his administrative remedies before bringing suit in federal court. 42 U.S.C. § 2000e-5(e)(1), (5)(f)(1) (Title VII); 29 U.S.C. § 626(c), (d) (ADEA). To exhaust one's remedies, a claimant must file a claim with the EEOC (or its state equivalent, in this case the UALD) and receive a letter notifying him of the right to sue.

"A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1194 (10th Cir. 2004), quoted in Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1181 (10th Cir. 2018); see also Jones v. UPS, Inc., 502 F.3d 1176, 1183 (10th Cir. 2007) (plaintiff may not bring ADEA action based on claims that were not part of an

---

[9] Mr. Lopez cites to the McDonnell-Douglas analytical framework to oppose the motion to dismiss. (See Opp'n Mot. Dismiss at 9, ECF No. 13.) But that analysis only applies when the challenge raises issues about the substance of the claims. Here the Defendants are not challenging the merits of the complaint; they argue that the claims must be dismissed for failure to exhaust administrative remedies. The McDonnell-Douglas analysis does not apply.

EEOC charge). Because "a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC," the "charge document must contain the general facts concerning the discriminatory actions later alleged in the legal claim." Jones v. Needham, 856 F.3d 1284, 1290 (10th Cir. 2017) (internal quotation and citation omitted).

Mr. Lopez did receive a right-to-sue letter, but it concerned his claims of discrimination based solely on gender, not on race or color or age. In fact, he did not check the boxes on the claim form (the Charge) that listed "Race," "Color," or "Age." Instead, he checked the box for "Gender," and the text in the Charge focused solely on his claim of gender discrimination.

Accordingly, the Charge notified SLC of a discrimination and harassment claim based on Mr. Lopez's gender. Because the claims in the Complaint assert discrimination on the basis of race, color, and age, he has not satisfied the requirement that he exhaust administrative remedies before filing suit. Accordingly, the court dismisses his First, Second, Fourth, and Fifth Causes of Action with prejudice.

**Statute of Limitations**

Defendants also ask the court to dismiss the portions of Mr. Lopez's Title VII and ADEA claims that are premised on discrete acts occurring before May 11, 2017 (the statute of limitations cut-off date). (See Mot. Dismiss at 9–11.) Because the court dismisses the Title VII and ADEA claims for failure to exhaust administrative remedies, it does not reach the statute of limitations issue.

**ORDER**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 10) is GRANTED.

DATED this 9th day of April, 2020.

                          BY THE COURT:

                          *[signature: Tena Campbell]*

                          TENA CAMPBELL
                          U.S. District Court Judge